# Court of Appeals
# of the State of Georgia

ATLANTA, _December 06, 2024_

*The Court of Appeals hereby passes the following order:*

### A25A0615. ARNOLD BOWEN et al v. JEFFREY W. COWN, DIRECTOR ENVIRONMENTAL PROTECTION DIVISION, DEPARTMENT OF NATURAL RESOURCES.

The Director of the Environmental Protection Division ("EPD") issued an administrative order finding Arnold and Hazel Bowen had violated various rules and regulations promulgated under the Georgia Comprehensive Solid Waste Management Act of 1990 and the Georgia Water Quality Control Act. After the administrative order became final, the Director filed a request for entry of judgment in the superior court pursuant to OCGA § 12-8-30.3. After the superior court entered the final judgment, the Bowens initiated this direct appeal The EPD has filed a motion to dismiss this appeal, arguing that the Bowens were required to comply with the discretionary appeal procedure, see OCGA § 5-6-35 (a) (1). We agree with the EPD.

The EPD is a state administrative agency. See OCGA § 12-2-2 (a). Because the Director sought to enforce its administrative order in the superior court, that court must necessarily review the administrative decision to resolve the merits of the case. See *Wolfe v. Board of Regents of the Univ. Syst. of Ga.*, 300 Ga. 223, 230 (2) (c) (794 SE2d 85) (2016) ("If a party to a judicial proceeding attacks or defends the validity of an administrative ruling and seeks to prevent or promote the enforcement thereof, the trial court must necessarily 'review' the administrative decision to resolve the merits of the case.") (citation and punctuation omitted). Under OCGA § 5-6-35 (a) (1), a discretionary application is required from a superior court order "reviewing decisions of . . . state and local administrative agencies[.]" "Compliance with the discretionary

appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

As the Bowens failed to file a discretionary application with this Court, we are without jurisdiction to consider their challenge to the underlying administrative order. Thus, the EPD's motion to dismiss is GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* ___12/06/2024_____

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*